1  CARLOS JIMENEZ, Bar No. 227534
   cajimenez@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street, 63rd Floor
3  Los Angeles, CA 90071
   Telephone: 213.443.4300
4  Facsimile: 213.443.4299

5  MAGGY ATHANASIOUS, Bar No. 252137
   mathanasious@littler.com
6  JAMES A. BECERRA, Bar No. 308459                NOTE: CHANGES MADE BY THE COURT
   jbecerra@littler.com
7  LITTLER MENDELSON, P.C.
   2049 Century Park East, 5th Floor
8  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
9  Facsimile: 310.553.5583

10 Attorneys for Defendants
   AREAS USA LAX, LLC and AREAS SKYVIEW
11 LAX JV, LLC

12                    UNITED STATES DISTRICT COURT

13                   CENTRAL DISTRICT OF CALIFORNIA

14
   JUAN RAMOS CAZARES, on behalf of    Case No. 2:19−cv−03061 RGK (JPRx)
15 himself and all others similarly situated,
                                       **STIPULATED PROTECTIVE
16              Plaintiff,             ORDER AND CLAWBACK
                                       AGREEMENT; PROPOSED ORDER**
17 v.
                                       **DISCOVERY DOCUMENT**
18 AREAS USA LAX, LLC, a Florida       Referred to Magistrate Judge Jean P.
19 limited liability company; AREAS    Rosenbluth
   SKYVIEW LAX JV, LLC, a Florida
20 limited liability company; EDUARDO  Complaint Filed: March 11, 2019 (Los
   RIOS, AN INDIVIDUAL; and DOES 1     Angeles Superior Court)
21 through 100, inclusive,,            Trial Date: None Set

22              Defendants.

23

24

25

26

27

28

Plaintiff Juan Ramos Cazares ("Plaintiff") and Defendants Areas USA LAX, LLC and Areas Skyview LAX JV, LLC ("Defendants"), by and through their respective counsel of record, hereby stipulate and agree to the following, in the matter of *Juan Ramos Cazares v. Areas USA LAX, LLC, Areas Skyview LAX JV, LLC, & Eduardo Rios*, Case No. 2:19-cv-03061 RGK (JPRx):

## I.

### Good Cause Statement

1.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following protective order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section V1.20, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      This wage and hour putative class action is likely to involve private and/or confidential information regarding Defendants' current and/or former employees, including but not limited to information about employees' pay, time punches, contact information and/or work performance histories, commercial, financial, technical and/or proprietary information for which the parties believe special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, personnel records, confidential business or financial information, information regarding confidential business practices, or other confidential commercial

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## II.

## Definitions And Designation

3.     "Confidential Information" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format that is stamped with a "Confidential" designation.   Confidential Information may include, but is not limited to:   (a) confidential or sensitive company proprietary business information, (b) information about current, past or prospective employees that is of a confidential or private nature, including current or former employees' names and contact information,   wage information, employment records, job performance-documentation and documents related to workplace complaints, discipline and/or investigations into same, and (c) otherwise qualifies for protection under Federal Rule of Civil Procedure 27(c), including as specified above in the Good Cause Statement.   Confidential Information shall not include any information that: (a) is already public knowledge or otherwise in

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

the public domain; (b) has become public knowledge or enters the public domain other than as a result of a disclosure in violation of this Stipulation; or (c) has come or shall come into a Receiving Party's legitimate possession from sources other than the Designating Party and other than as a result of a violation of any lawful confidentiality policy belonging to Defendants.

4. "Attorneys Eyes Only Material" means any information contained in any paper, document, database, spreadsheet, video recording, audio recording, electronic record or any other electronic or hard copy format that is stamped with an "Attorneys Eyes Only" designation. Attorneys Eyes Only Material may include, but is not limited to: highly confidential or sensitive business information that could cause financial harm to Defendants or Defendants' client(s) if disseminated to the public or competitors.

5. Any Party may designate any material produced by that Party as "Confidential" or "Attorneys Eyes Only" where she or it believes in good faith that such material qualifies for that designation as defined above. Stamping "Confidential" or "Attorneys Eyes Only" on the cover of a multiple page document shall classify all pages of the document with the same designation unless otherwise indicated by the designating party. Marking or stamping "Confidential Information" or "Attorneys Eyes Only Material" on a label on any electronic storage medium shall designate the entire contents of such electronic storage medium as Confidential Information or Attorneys Eyes Only Material. But the parties are obligated to the extent practical, to designate as Confidential or Attorney's Eyes Only only those portions of documents or files as warrant such protection.

## III.

## Access To Confidential Information And Attorneys Eyes Only Material

6. Confidential Information produced or received in this action subject to this protective order shall not be disclosed by any person who has received such Confidential Information through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at Defendants. Notwithstanding the foregoing, the following designated persons may also receive and review Confidential Information:

    a.    Plaintiff;

    b.    Current or former employees of Defendants who may serve as witnesses, but only to the extent that the Confidential Information is directly related to their expected testimony;

    c.    Any person who was involved in the preparation of the document, materials or the discovery responses containing Confidential Information or who lawfully received or reviewed the documents or to whom the Confidential Information has previously been made available other than by one receiving such Confidential Information in connection with this action;

    d.    Experts, vendors or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

    e.    Mediators used to try to resolve the action;

    f.    Any other person with the prior written consent of the designating party.

    7.    Attorneys Eyes Only Material produced or received in this action subject to this protective order shall not be disclosed, revealed or disseminated by any person who has received such Attorneys Eyes Only Material through this action except to: the Court, including assigned judges, their staff, jurors and other court personnel; court reporters and videographers recording or transcribing testimony in this action; attorneys of record for the parties and their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation and in-house attorneys at

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Defendants. Notwithstanding the foregoing, the following designated persons may also review Attorneys Eyes Only Material:

      a. Experts, vendors or consultants who are engaged by counsel for any party to perform investigative work, factual research, or other services relating to this action;

      b. The individual or individuals who authored, prepared, or lawfully received the information;

      c. Mediators used to try to resolve the action; and

      d. Any other person with the prior written consent of the designating party.

8. Prior to reviewing any Confidential Information, any person who falls within a category identified in Paragraph 6(a)-(f) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment A. Prior to reviewing any Attorneys Eyes Only Material, any person who falls within a category identified in Paragraph 7(a)-(d) shall be provided a copy of this protective order and shall agree to be bound by its terms by executing the non-disclosure agreement in the form set forth in Attachment B.

9. The parties shall retain copies of any executed non-disclosure agreements until the end of the action. In the event of a possible violation of this protective order while this action is pending, a party may request that the Court order production of the executed non-disclosure agreements for good cause. Otherwise, the non-disclosure agreements are confidential and are not subject to any discovery request while the action is pending. Within thirty (30) calendar days after the end of litigation in the action, the party who received the Confidential Information and/or Attorneys Eyes Only Material shall provide copies of all executed non-disclosure agreements to the party who produced the Confidential Information and/or Attorneys Eyes Only Material upon request by the party who produced the Confidential Information and/or Attorneys Eyes Only Material.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.    The action is at an end when all of the following that are applicable occur: (a) a final judgment has been entered by the Court or the case has otherwise been dismissed with prejudice; (b) the time for any objection to or request for reconsideration of such a judgment or dismissal has expired; (c) all available appeals have concluded or the time for such appeals has expired; and (d) any post appeal proceedings have concluded.

## IV.

## Use Of Confidential Information And Attorneys Eyes Only Material

11.    Confidential Information and Attorneys Eyes Only Material shall be used solely and exclusively for preparing for, prosecuting and defending this case, including any claims on behalf of Plaintiff pending the completion of the judicial process, including appeal.  Confidential Information and Attorneys Eyes Only Material cannot be used for any other purpose or in any other matter or proceeding for any reason whatsoever, nor may it be used in furtherance of pursuing any other action.

12.    Nothing in this protective order shall restrict any party's counsel from giving advice to its client with respect to this action and, in the course thereof, relying upon Confidential Information and/or Attorneys Eyes Only Material, provided that in giving such advice, counsel shall not disclose the other party's Confidential Information and/or Attorneys Eyes Only Material other than in a manner expressly provided for in this protective order.

13.    Testimony taken at a deposition that involves Confidential Information or Attorneys Eyes Only Material must be designated as "Confidential" or "Attorneys Eyes Only Material" by making a statement to that effect on the record at the deposition, identifying the specific testimony or items claimed to be Confidential Information or Attorneys Eyes Only Material.  Arrangements shall be made with the deposition reporter taking and transcribing information designated as Confidential and/or Attorneys Eyes Only Material to bind separately such portions of the deposition transcript, and/or to label such portions appropriately.  If any portions of the deposition

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

transcript and/or video or audio versions of the depositions contain Confidential Information or Attorneys Eyes Only Material, or references thereto, they must be filed with the Court in compliance with this protective order. Confidential Information or Attorneys Eyes Only Material may also be designated as such following the close of the deposition.

14.     A copy of the protective order shall be attached as an exhibit to the deposition transcript and the court reporter shall be subject to the protective order and precluded from providing the original or copies of the deposition transcript or portions thereof, any copies thereof, or portions of copies thereof, to any persons or entities other than counsel of record in the action. Any audiotape and/or videotape of said deposition shall also be subject to this protective order. The deposition videographer shall be subject to this protective order and precluded from providing the original deposition videotape or portions of the videotape to any persons or entities other than counsel of record. Any audiotape shall also be subject to this protective order and all persons shall be precluded from providing the original deposition audiotape or portions of the audiotape, to any persons or entities other than counsel of record in the action.

15.     Only individuals permitted access to Confidential Information or Attorneys Eyes Only Material shall attend any deposition where Confidential Information or Attorneys Eyes Only Material is used. However, where feasible, an individual who is not allowed access to Attorneys Eyes Only Material may attend portions of the deposition where Attorneys Eyes Only Material is not used or discussed. Individuals attending any depositions using Confidential Information or Attorneys Eyes Only Material shall not disclose to any person any statements made by deponents at depositions that reference Confidential Information or Attorneys Eyes Only Material unless that person is independently allowed access to the information. Nothing in this protective order gives any individual the right to attend a deposition that they would not otherwise be entitled to attend.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16.     In the event that any Party hereto or a recipient of Confidential Information and/or Attorneys Eyes Only Material pursuant to this Stipulation shall receive a subpoena, or written discovery demand in pending litigation or administrative proceedings ("Discovery Request") from any non-party (including, without limitation, any party to any action other than the litigation, or any state, federal or foreign regulatory or administrative body or agency) seeking the production of Confidential Information and/or Attorneys Eyes Only Material:

a.   Unless prohibited by law, the Receiving Party shall promptly disclose such fact to the Designating Party and shall not disclose any Confidential Information and/or Attorneys Eyes Only Material in response thereto without first providing the Designating Party a reasonable opportunity to seek appropriate protective treatment or other relief.

b.   The Receiving Party shall immediately provide the Designating Party with telephonic and written notice of the Discovery Request and shall immediately send a copy of the Discovery Request to the Designating Party by facsimile and/or overnight mail unless prohibited by law.

c.   It shall be the obligation of the Designating Party to obtain an order from the appropriate Court to preclude or restrict production of any Confidential Information and/or Attorneys Eyes Only Material requested pursuant to the Discovery Request.

d.   The Receiving Party shall continue to abide by the terms of this Stipulation and maintain the confidentiality of any Confidential Information and/or Attorneys Eyes Only Material sought by the Discovery Request unless and until either: (i) the Designating Party consents to the production of Confidential Information and/or Attorneys Eyes Only Material pursuant to the Discovery Request; or (ii) the Receiving Party is directed to produce the Confidential Information and/or Attorneys Eyes Only Material by a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  court having competent jurisdiction over the dispute and the parties
2  thereto.

3  e.  The disclosure of information in response to a Discovery Request shall not
4       be deemed to make Confidential Information or Attorneys Eyes Only
5       Material 'public' for purposes of paragraph 2 and does not change any
6       party's obligations under this protective order except for allowing the
7       disclosure pursuant to the terms of the Discovery Request or court order.

## V.

## No Waiver And Challenges To Designation

10  17.  Whether or not any evidence or testimony is, in fact, designated as
11  Confidential Information or Attorneys Eyes Only Material shall not be conclusive of
12  whether it is lawfully entitled to trade secret or other confidentiality protections, and the
13  failure to make such a designation shall not constitute a waiver of any such protections.

14  18.  By entering into this protective order, the parties do not waive any right to
15  challenge whether any material (including without limitation evidence or testimony)
16  designated or not designated as Confidential Information or Attorneys Eyes Only
17  Material is properly designated or not designated as such, and do not waive the right to
18  challenge at any hearing, trial or other proceeding whether such information is, in fact,
19  confidential or private.

20  19.  A party shall not be obligated to challenge the propriety of a designation
21  of evidence or testimony as Confidential Information or Attorneys Eyes Only Material
22  at the time it is made, and a failure to do so shall not preclude a subsequent challenge
23  thereto.

24  a.  Any party may in good faith object to the designation of any evidence or
25       testimony as Confidential Information or Attorneys Eyes Only Material or
26       to the limitations as to the use and disclosure of such information, by
27       providing written notice of such objections to the Designating Party in

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1  conformity with Local Rule 37.  The grounds for any objections shall be

2  stated with reasonable particularity.

3      b.   The parties shall thereafter attempt to resolve such dispute in good faith on

4  an informal basis.  If the dispute cannot be resolved within fourteen (14)

5  days, the Designating Party may, within twenty-eight (28) days thereafter,

6  apply to the Court, on reasonable notice, for a protective order limiting the

7  use and dissemination of the challenged document.  The challenged

8  documents shall be treated as confidential until such time as the Court has

9  ruled on the motion for a protective order.

## VI.

### Filing Under Seal And Handling At Hearings And Trial

12      20.   With regard to any Confidential Information or Attorneys Eyes Only

Material to be filed with the Court, any party seeking to file such documents shall file

them using the procedure in Central District Local Rule 79-5.

15      21.   If a party wishes to use another party's Confidential Information or

Attorneys Eyes Only Material at hearing or trial, the party shall advise the other party's

counsel prior to offering the documents, with advance notice if reasonably practicable.

The proponent of confidentiality then may move to file the documents under seal.  The

proponent also may move the Court to restrict access to the courtroom while the

Confidential Information or Attorneys Eyes Only Material are discussed.  The other

parties need not join in such motions.

## VII.

### Inadvertent Failure To Designate And/Or Inadvertent Disclosures

24      22.   If, through inadvertence, any party produces or offers as testimony any

Confidential Information or Attorneys Eyes Only Material without labeling it or

otherwise designating it as such, the producing party may, at any time, give written

notice designating such information as Confidential Information or Attorneys Eyes

Only Material.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

10.

23.    Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders protection of documents and electronically stored information, as those terms are used in Rule 34 of the Federal Rules of Civil Procedure, subject to a legally recognized claim of protection from disclosure, including without limitation the attorney-client privilege, the work-product doctrine, or other applicable protection ("Protected Information"), against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

a. The disclosure or production by a Producing Party to a Receiving Party of Protected Information shall in no way constitute the voluntary disclosure of such information.

b. The disclosure of Protected Information in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such information, and shall not result in any waiver, including subject matter waiver, of any kind.

c. If, during the course of this Proceeding, a party determines that any information produced by another party is Protected Information:

i. The Receiving Party shall: (A) refrain from reading the Protected Information any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Protected Information; (C) specifically identify the Protected Information by Bates Number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Information, along with any notes, abstracts or compilations of the content thereof.  The Receiving Party shall confirm to the Producing Party that it has complied with this provision.  To the extent that Protected Information has been loaded into a review database under the control of the Receiving

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Party, the Receiving Party shall have all electronic copies of the Protected Information extracted from the database. Where such Protected Information cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's disclosures or productions to identify Protected Information.

    ii.    If the Producing Party intends to assert a claim of privilege or other protection over information identified by the Receiving Party as Protected Information, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d.    If, during the course of this Proceeding, a party determines it has produced Protected Information:

    i.    The Producing Party may notify the Receiving Party of such production in writing, and demand the return of such information. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition or at court proceeding, promptly followed up in writing. The Producing Party's written notice will

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

identify the Protected Information produced by Bates Number range or hash value, the privilege or other protection claimed, and the basis for the assertion of the privilege or other protection and shall provide the Receiving Party with a log for such Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the identified information does not contain Protected Information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof, and shall confirm to the Producing Party that the Receiving Party has complied with this provision. To the extent that Protected Information has been loaded into a review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Information extracted from the database.

e. To the extent that Protected Information has already been used in or described in other information generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in Sub-paragraphs (c)(ii) and d(i), the Receiving Party shall sequester such other information until the claim has been resolved. If the Receiving Party disclosed the Protected Information before receiving

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

notice pursuant to this Paragraph, the Receiving Party must take reasonable steps to retrieve the Protected Information, if possible.

f. The Receiving Party's return, sequestering or destruction of Protected Information as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed information on the grounds that the information is not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

    i. The disclosure or production of the Protected Information acts as a waiver of an applicable privilege or evidentiary protection;

    ii. The disclosure of the Protected Information was not inadvertent;

    iii. The Producing Party did not take reasonable steps to prevent the disclosure of the Protected Information; and

    iv. The Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

g. Either party may submit Protected Information to the Court under seal for a determination of the claim of privilege or other protection, provided that the party complies with the requirements of Central District Local Rule 79-5 for filing documents under seal. The Producing Party shall preserve the Protected Information until such claim is resolved. The Receiving Party may not use the Protected Information for any purpose absent an Order from the Court.

h. Upon a determination by the Court that the Protected Information is protected by the applicable privilege or evidentiary protection, and if the Protected Information has been sequestered rather than returned or destroyed by the Receiving Party, the Protected Information shall be returned or destroyed within ten (10) days of the Court's Order.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

14.

i. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of information (including metadata where applicable), whether stored in electronic, paper, or other tangible form, for relevance and responsiveness, and for the segregation of Privileged Information before such information is produced to another party.

## VIII.

## Termination Of Case

24. The terms of this protective order shall survive the final termination of this action and shall be binding on all of the parties thereafter.

25. Within thirty (30) business days of the dismissal or entry of a final judgment in  this action, each party must return or make available for pick-up Confidential Information or Attorneys Eyes Only Material received during this litigation from the other party and copies of any deposition transcripts designated as Confidential Information or Attorneys Eyes Only Material.  Where Confidential Information or Attorneys Eyes Only Material has been transferred or stored electronically, the Receiving Party must delete the electronic versions from the devices on which they are or were stored or accessed or otherwise make them inaccessible to the Receiving Party.  Notwithstanding these provisions, that counsel of record for the parties may keep, in strictest confidence, those copies of any part of the Confidential Information or Attorneys Eyes Only Material that have become part of the official record of this litigation and may retain abstracts or summaries of such materials, which contain counsel's mental impressions or opinions.  Such information shall remain subject to the terms of this protective order.

26. Upon returning to the other side all Confidential Information or Attorneys Eyes Only Material and/or deposition testimony, the returning party must also execute and furnish the Certificate of Surrender and Deletion of Confidential Information and Attorneys Eyes Only Material Agreement in the form set forth in Attachment C.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

# IX.

## Miscellaneous Provisions

27.    The parties expressly agree that, by entering into this protective order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

28.    This protective order is subject to modification by stipulation of the parties. No such stipulation will have the force or effect of a court order absent the Court's approval.  In addition, the Court may modify the terms and conditions of this protective order *sua sponte* in the interest of justice.

29.    This Order is subject to further Court Orders based upon public policy or other considerations.

**IT IS SO STIPULATED.**

Dated:    July 12, 2019                    Respectfully Submitted,


*/s/ Maggy M. Athanasious*
CARLOS JIMENEZ
MAGGY ATHANASIOUS
JAMES A. BECERRA
LITTLER MENDELSON, P.C.
Attorneys for Defendants
AREAS USA LAX, LLC and AREAS
SKYVIEW LAX JV, LLC


Dated:    July 12, 2019                    Respectfully Submitted,


*/s/ David D. Bibiyan*
DAVID D. BIBIYAN
DIEGO AVILES
BIBIYAN LAW GROUP, P.C.
Attorneys for Plaintiff
JUAN RAMOS CAZARES


## ATTESTATION REGARDING SIGNATURES

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1      I, Maggy M. Athanasious, attest pursuant to L.R. 5-4.3.4(a)(2)(i) that all

2 signatories listed, and on whose behalf the filing is submitted, concur in the filing's

3 content and have authorized the filing.

4 DATED: July 12, 2019            */s/ Maggy M. Athanasious*

5                              Maggy M. Athanasious

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

17.

## **ORDER**

GOOD CAUSE appearing therefore, the terms of the Parties' Stipulated Protective Order and Clawback Agreement are adopted by the Court. The Parties shall adhere to the terms of the Stipulated Protective Order and Clawback Agreement unless modified or otherwise ordered by the Court.

**IT IS SO ORDERED**.

DATED: July 16, 2019

_____
Honorable Jean P. Rosenbluth
United States Magistrate Judge

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of *Juan Ramos Cazares v. Areas*

*USA LAX, LLC, Areas Skyview LAX JV, LLC, & Eduardo Rios*, Case No.  2:19-cv-

03061 RGK (JPRx).

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I

will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions

of this Order. I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type

full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

**EXHIBIT B**

**CONFIDENTIAL INFORMATION AND**

**ATTORNEYS EYES ONLY MATERIAL NON-DISCLOSURE AGREEMENT**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Juan Ramos Cazares v. Areas USA LAX, LLC, Areas Skyview LAX JV, LLC, & Eduardo Rios*, Case No. 2:19-cv-03061 RGK (JPRx), currently pending in the United States District Court for the Central District of California. I certify that I am an appropriate person for receipt of Confidential Attorneys Eyes Only Material under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Attorneys Eyes Only material provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Confidential Attorneys Eyes Only Material shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled litigation, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the protective order.

I agree that upon being informed of the dismissal or entry of a final judgment in this action, I will promptly surrender all Confidential Attorneys Eyes Only Material provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Confidential Attorneys Eyes Only Material in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this protective order.

By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

20.

of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this agreement.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

**EXHIBIT C**

**CERTIFICATE OF SURRENDER AND DELETION OF CONFIDENTIAL**

**INFORMATION AND/OR ATTORNEYS EYES ONLY MATERIAL**

The undersigned hereby represents that, pursuant to the protective order, all Confidential Information and/or Attorneys Eyes Only Material within the possession, custody or control of the undersigned has been returned to the producing party to the extent it could be returned either in hard or soft copy. The undersigned further represents that, pursuant to the protective order, and to the extent Confidential Information or Attorneys Eyes Only Material was transferred or stored electronically, all electronic versions of the material and information have been deleted from the devices on which they were stored or accessed or otherwise rendered inaccessible.

Dated: _____          _____
                                                          [Print Name]

                                                     _____
                                                          [Sign Name]

FIRMWIDE:164615970.5 094457.1010

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

22.